1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8
9
10
11
12
13
14
15

| | |
|---|---|
| PIPER JAFFRAY & CO., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TONY SCHUMACHER, JOSHUA J. HERRIN, BRADLEY C. FISHER, and JAY SASSER,<br><br>Defendants. | NO. CV-06-5059-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER** |

16   Before the Court is Plaintiff's Motion for Entry of Temporary Restraining

17  Order (Ct. Rec. 3).  On July 28, 2006, a telephonic hearing was held on an

18  expedited basis.  Plaintiffs were represented by Roger Mellem and Robin

19  Schachter.  Defendants were represented by S. Jonathan Silverman, Aaron

20  Wehrman, Todd Schnell, Keller Allen, and Mary Palmer.

21                          **BACKGROUND FACTS**

22       Prior to July 21, 2006, all of the Defendants were employees of Plaintiff

23  Piper Jaffray's Tri-Cities office.  On that date, all of the Defendants voluntarily

24  resigned their employment with Piper Jaffray and became employed as registered

25  representatives with RBC Dain Rauscher Inc. ("RBC Dain") in its new office in

26  Kennewick, Washington.

27       On or about August 18, 1997, Defendant Tony Schumacher entered into a

28  Training Agreement with Plaintiff ("Training Agreement").  The Training

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF
TEMPORARY RESTRAINING ORDER ~ 1**

Agreement provided in relevant part at Paragraph E:

2.    For ninety (90) days from the end of your employment, you will not directly or indirectly solicit, or assist in the solicitation of any customers of Piper Jaffray Inc. to purchase or sell securities, commodities or deferred annuities; and

3.    For ninety (90) days from the end of your employment, you will not directly or indirectly use for your benefit or any other employer any of the customer or business information obtained by you from Piper Jaffray Inc. during the course of employment by Piper Jaffray Inc.

The Training Agreement also stated: "If your employment with Piper Jaffray Inc. ends, either through termination by Piper Jaffray Inc. or through resignation by you, you will surrender all training materials, account records, customer statements, customer files and other documents pertaining to Piper Jaffray Inc. customers, business methods and procedures, as well as all copies thereof."

On or about October 7, 2005, Defendant Joshua J. Herrin entered into a Developing Financial Advisor Agreement with Plaintiff Piper Jaffray. ("Developing FA Agreement"). The Developing FA Agreement provided in relevant part at Paragraph F:

2.    You will not for a period of ninety (90) days following the termination of employment, solicit or contact by mail, telephone, personal meeting, or any other means, directly or indirectly, any client of Piper Jaffray, serviced by you, or whose identity became known to you during your employment by Piper Jaffray, for any purpose, including without limitation, encouraging them to terminate their account relationship with Piper Jaffray, encouraging them to transfer their account relationship with Piper Jaffray to you or your new

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER ~ 2**

employer, encouraging them to establish an account relationship with you or your new employer, or to purchase, sell, or change the broker of record with respect to any of the client's investments.

The Developing FA Agreement also provided in Paragraph G:

You recognize and agree that all client records, whether original, duplicated, computerized, handwritten or in any other form, and all information contained therein are confidential and proprietary information of Piper Jaffray and an important business asset. You will not use, directly or indirectly, whether for your benefit or that of another party, any of the Customer or Business Information obtained from Piper Jaffray during the course of your employment by Piper Jaffray. For purposes of this Agreement, "Customer or Business Information" shall include, but not be limited to: all personal information about Piper Jaffray clients such as name, address, telephone number, social security number, children, net worth statements, risk tolerance information, current security holdings both at Piper Jaffray and elsewhere, account numbers and client statements, as well as Piper Jaffray information, internal correspondence, information related to personnel and compensation practices and training materials. … If your employment with Piper Jaffray ends, either through termination by Piper Jaffray or through resignation by you, you will surrender all training materials, account records, customer statements, customer files and other documents pertaining to Piper Jaffray customers, business methods and procedures, as well as all copies thereof.

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER ~ 3**

The following provisions were contained in the Employee Handbook:

**CONFIDENTIALITY OF COMPANY INFORMATION**

In your capacity as an employee of Piper Jaffray, the Company will allow you access to Company records and information contained therein, which information is not generally known to the public ("Company Information"), for the sole purpose of conducting business on behalf of Piper Jaffray.  Company Information may include, without limitation:

- Information about clients or client leads, including names, addresses, phone numbers, social security numbers, financial information about account transactions (including statements and holding pages), and information relating to client bank accounts;

- Information about marketing, sales, products, and investment research;

- Information about persons associated with or employed by Piper Jaffray, including personnel files, performance evaluations, compensation information and accounts;

- Information about customers of affiliates, including banks, which information is made available to you in the course of performing your responsibilities as an employee of Piper Jaffray;

- Information about prospective customers and clients (including their identity), which information is made available to you in the course of performing your responsibilities as an employee of Piper Jaffray; and

- Strategies, plans and other information about the Company's business, operations and affairs.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER ~ 4**

1   Piper Jaffray considers such Company Information to be trade
2   secrets.  This Company Information is developed and acquired by
3   great expenditures of time, effort and money; it is unique, and it
4   cannot be lawfully duplicated or easily acquired.  This Company
5   Information is extremely valuable to Piper Jaffray and the Company
6   takes all reasonable measures to maintain its confidentiality and to
7   guard its secrecy.
8   Employees of Piper Jaffray must not use this Company
9   Information or remove any related records from the company [sic]
10  except for the sole purpose of conducting business on behalf of Piper
11  Jaffray.  Of course, this means that employees must not use company
12  [sic] Information for the purpose of furthering current or future
13  outside employment or for obtaining personal gain or profit.
14  Employees must not disclose Company Information to any third party
15  and under no circumstances may an employee reveal or permit this
16  information become known to any competitor of Piper Jaffray either
17  while the employee is employed by Piper Jaffray or at any time
18  thereafter.  Piper Jaffray reserves the right to avail itself of all legal or
19  equitable remedies to prevent impermissible use of confidential
20  information or to recover damages incurred as a result of such
21  impermissible use of confidential information.
22  Piper Jaffray also maintained the Piper Jaffray Companies Code of Ethics
23  and Business Conduct, which stated:

24  **PROPRIETARY AND CONFIDENTIAL INFORMATION**

25  Proprietary information includes all non-public information that
26  might be of use to competitors, or harmful to Piper Jaffray or our
27  clients, if disclosed.  It includes, for example, intellectual property,
28  business plans, personal employee information and unpublished

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF**
**TEMPORARY RESTRAINING ORDER ~ 5**

financial information. It also includes information that suppliers and customers have entrusted to us. Confidential information is information that is not generally known to the public about Piper Jaffray, our clients or other parties with whom Piper Jaffray has a relationship and have an expectation of confidentiality. You must maintain the confidentiality of proprietary and confidential information entrusted to you by Piper Jaffray or our customers, except when disclosure is authorized by the General Counsel Department or required by laws or regulations. The obligation to preserve confidential information continues even after employment ends. If employment with Piper Jaffray ends, individuals must return all proprietary and confidential information, including information that may have been retained in personal items (e.g. electronic devices or home computers).

You are paid to work for Piper Jaffray and may be using Company facilities and equipment to develop proprietary information. As a condition of employment, you acknowledge and agree that proprietary information is the sole property of Piper Jaffray and disclaim any rights and interests in any proprietary information and assign these rights to Piper Jaffray. Additionally, you agree to immediately disclose all proprietary information to Piper Jaffray.

## DISCUSSION

The Ninth Circuit has set forth the following criteria district courts must consider in deciding whether to grant a preliminary injunction: (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. *Owner-Operator*

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER ~ 6**

1   *Independent Drivers Assoc., Inc.*, et al. v. Swift Transp. Co., Inc., 367 F.3d 1108,

2   1111 (9th Cir. 2004). The moving party must show either (1) a combination of

3   probable success on the merits and the possibility of irreparable harm, or (2) the

4   existence of serious questions going to the merits, the balance of hardships tipping

5   sharply in its favor, and at least a fair chance of success on the merits. *Id.* These

6   two formulations represent two points on a sliding scale in which the required

7   degree of irreparable harm increases as the probability of success decreases. *Id.*

8   Accordingly, "the greater the relative hardship to the moving party, the less

9   probability of success must be shown." *Id.* (citation and internal quotation marks

10  omitted).

11          The Court finds that Plaintiff has demonstrated that it is likely to succeed on

12  the merits at the hearing of this dispute before NASD Dispute Resolution, Inc.

13  ("NASD-DR"), based on the contractual provisions contained in the Training

14  Agreement, Developing FA Agreement, and the provisions in the Employee

15  Handbook and Code of Ethics and Business Conduct. In addition, the Court finds

16  that Plaintiff faces the possibility of irreparable injury in that (a) Plaintiff's

17  customers expect their financial information to be kept confidential and may lose

18  trust and confidence in the firm when they learn that this confidential information

19  has been taken without their authorization by the individual Defendants to a new

20  employer; (b) Plaintiff's other employees may be encouraged to violate their own

21  employment contracts, and their statutory and common law duties to Plaintiff, if

22  the Defendants here are not immediately enjoined from doing so themselves; and

23  (c) Plaintiff's damages may be incapable of determination with any reasonable

24  degree of certainty.

25          Thus, the balance of equities in this matter favors Plaintiff and entitles it to

26  immediate injunctive relief. For the most part, the Court adopts Plaintiff's

27  Proposed Temporary Restraining Order. The Court strikes the proposed provision

28  ordering Defendants Tony Schumacher and Joshua J. Herrin to purge from their

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF
TEMPORARY RESTRAINING ORDER ~ 7**

1  possession, custody, and control all original records, copies, computerized

2  information and/or other reproductions that pertain in any way to Plaintiff's

3  customers.  The purpose of a temporary restraining order is to preserve the status

4  quo and prevent irreparable harm until there is an opportunity to hold a hearing on

5  the application for a preliminary injunction.  Requiring Defendants to purge this

6  information would not maintain the status quo; instead, the results could be

7  irreversible.  The requirement that Defendants are forbidden to use this information

8  is enough at this stage of the proceedings to protect Plaintiff's interests.

9        Accordingly, **IT IS HEREBY ORDERED**:

10       1.  Plaintiff's Motion for Entry of Temporary Restraining Order (Ct. Rec. 3)

11  is **GRANTED**.

12       2.  Plaintiff's Motion for Leave to File Excess Pages (Ct. Rec. 8) is

13  **GRANTED**.

14       3.  A Temporary Restraining Order shall issue immediately pursuant to Fed.

15  R. Civ. P. 65(c), with security in the amount of $10,000 to be posted by Plaintiff no

16  later than **12:00 p.m. on Monday, July 31, 2006**.

17       4.   The telephonic show cause hearing on the preliminary injunction is set

18  for **August 17, 2006, at 1:30 p.m**.  Counsel shall call the Court's conference line

19  ((509) 458-6380) at the appropriate time.

20       5.   The parties are hereby directed to use reasonable efforts to proceed

21  with, and cooperate regarding, arbitration of this matter before NASD-DR.

22       6.   Subject to the terms, conditions and exceptions of this Order, Tony

23  Schumacher and Joshua J. Herrin, whether alone or in concert with or through

24  others, including but not limited to, any officer, agent, representative, and/or

25  employee of RBC Dain, shall be and hereby are enjoined from soliciting or

26  initiating contact with, directly or indirectly, any customer whom they served

27  and/or first became aware of while employed at Piper Jaffray, and from soliciting,

28  directly or indirectly, the securities business of any such customer (other than their

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF**
**TEMPORARY RESTRAINING ORDER ~ 8**

1  immediate family members).

2      7.   Tony Schumacher, Joshua J Herrin, Bradley C. Fisher and Jay Sasser

3  shall not utilize, directly or indirectly, any information or documents of Piper

4  Jaffray which they obtained while they were employed with Piper Jaffray,

5  including but not limited to the solicitation of Piper Jaffray customers.

6      8.   The following exceptions shall apply to paragraphs 4 and 5 herein:

7  Defendants may provide advice to, and effect transactions for (a) any Piper Jaffray

8  customer who initiates contact with defendants for the purpose of transferring their

9  Piper Jaffray account to RBC Dain and (b) any Piper Jaffray customers who

10  transferred their account(s) to RBC Dain in response to any mailing or solicitation

11  made by defendants before this Order was issued, whether the transfer was made

12  before or after the Order was issued, provided that as to any such customers who

13  have not yet signed account transfer paperwork, the defendants and anyone acting

14  in concert or participation with them may not communicate, directly or indirectly,

15  to such customers anything to the effect that defendants would be free to talk to the

16  customers if the customers sign account transfer forms.  Collectively, the

17  customers in subparagraphs (a) and (b) are referred to as "Transferred Customers."

18      9.   Defendants are hereby ordered to keep a log of all communications,

19  contacts and transactions they have with all persons who were customers of Piper

20  Jaffray as of July 21, 2006.  The log shall identify the person who initiated the

21  contact, the names of the recipient of the contact, the date and time of the contact,

22  and the subject matter of the communication.  Should Defendants desire to confirm

23  whether a person or entity is covered by this paragraph, Defendants' counsel shall

24  contact Plaintiff's counsel to seek confirmation as to whether the person or entity

25  was a customer of Piper Jaffray as of July 21, 2006.

26      10.   Defendants are ordered to return to counsel for Defendants all original

27  records, copies, computerized information and/or other reproductions thereof, in

28  whatever form, pertaining in any way to Piper Jaffray's customers (including,

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF**
**TEMPORARY RESTRAINING ORDER ~ 9**

without limiting the generality of the foregoing, any compilations containing names, addresses, telephone numbers, e-mail addresses and/or account numbers of Piper Jaffray customers) by **4:30 p.m. on July 31, 2006**.  Defendants' counsel shall be entitled to copy such records, but shall not share the documents or their contents with defendants, who then shall return the originals to counsel for Piper Jaffray no later than **4:30 p.m. on August 1, 2006**.  Defendants may retain copies of documents relating to Transferred Customers.

11.    Specifically, Defendants Tony Schumacher and Joshua J. Herrin are ordered to return to Piper Jaffray all of the following documents, whether in written or electronic format: (a) all records or other documents taken from Piper Jaffray or any of its affiliates (including without limitation records created by the individual defendants or their agents in connection with their employment by Piper Jaffray); (b) all copies or other reproductions of any of the foregoing records or other documents; (c) all notes or other documents reflecting information taken from Piper Jaffray and any of its affiliates; and (d) without limiting the generality of the foregoing, any and all other documents reflecting, memorializing, recording or incorporating information relating to Piper Jaffray customers and/or to their Piper Jaffray accounts (including, without limiting the generality of the foregoing, any compilations containing names, addresses, telephone numbers, e-mail addresses and/or account numbers of Piper Jaffray customers).  Defendants shall deliver all of said materials to legal counsel for Plaintiffs: Roger D. Mellem, Ryan Swanson and Cleveland, PLLC, 1201 Third Avenue, Suite 3400, Seattle, Washington, 98101.

12.    Defendants Bradley C. Fisher and Jay Sasser are ordered to provide copies of all of the foregoing documents and electronic information to Piper Jaffray which then, after reviewing the documents and information, will be entitled to bring a second motion, either before the Court or the NASD-DR panel, requiring them to purge the information from their possession.  Defendants shall deliver all

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER ~ 10**

1   of said materials to legal counsel for Plaintiffs: Roger D. Mellem, Ryan Swanson
2   and Cleveland, PLLC, 1201 Third Avenue, Suite 3400, Seattle, Washington,
3   98101.

4         13.   Once Defendants Tony Schumacher and Joshua J. Herrin have
5   complied with the foregoing directions to return Piper Jaffray's hard copy and
6   electronic information to Piper Jaffray (through Defendants' counsel), where such
7   information is derived from the records taken from Piper Jaffray by Defendants
8   Schumacher or Herrin, they shall each file declarations with the Court identifying
9   the documents and information that they have returned and the documents and
10  information that they have retained for Transferred Clients.

11        14.   This Order shall remain in full force and effect pursuant to
12  Fed. R. Civ. P. 65(b) until the conclusion of the preliminary injunction hearing or
13  until or unless the NASD-DR arbitration panel that will hear this dispute on its
14  merits elects to modify this Order.

15        **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
16  Order and forward copies to counsel.

17        **DATED** this 28th day of July, 2006.

18

19                        *s/ Robert H. Whaley*

20                        ROBERT H. WHALEY
                          Chief United States District Judge
21

22

23

24

25

26  Q:\CIVIL\2006\PiperJaffray\tro.wpd

27

28

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF
TEMPORARY RESTRAINING ORDER ~ 11**